IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| HOMER LEE BROWN, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-03-838 |
| | § | |
| MONROE KRUEZER, ET AL. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff Homer Lee Brown, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Recent correspondence indicates that he is no longer incarcerated. Having reviewed Plaintiff's complaint, amended complaint and answers to interrogatories, this Court makes the following recommendation to the District Judge.

When a plaintiff seeks to proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under

1

color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).

Plaintiff was incarcerated at the Chambers County Jail on April 24, 2003, on a robbery charge. At the time of his arrest, Plaintiff was on parole. While at the Chambers County Jail, Plaintiff asserts that his constitutional rights were violated because (1) the jail had an inadequate law library; (2) his serious medical condition of diabetes was mistreated; and (3) his legal mail was tampered with.

In order to successfully plead a claim of denial of access to courts, a Plaintiff must demonstrate or allege "actual injury," such as the dismissal of a claim or the inability to even present a claim before the court. *Bounds v. Smith*, 430 U.S. 817 (1977). The Supreme Court stressed that impairment of litigating capacity must be something greater than the incidental "and perfectly constitutional" consequences of conviction and incarceration. *Lewis v. Casey*, 518 U.S. 343 (1996). In this case, Plaintiff states in his answers to interrogatories that he missed no filing deadline or had any case dismissed as a result of an inadequate law library at the jail. Moreover, his allegation that his mail was not delivered in a timely manner or had "possibly" been tampered with are conclusory remarks and are wholly devoid of facts relating to any harm caused. Conclusory allegations unsupported by fact are insufficient to state an actionable claim under 42 U.S.C. §1983. *Elliot v. Perez*, 751 F.2d 1472 (5th Cir. 1985). Plaintiff's claim of denial of access to courts is frivolous.

Plaintiff also asserts that he received inadequate medical care for his diabetes, specifically, that he did not always receive timely insulin injections and meals or snacks were often inconsistently served. As a

result, Plaintiff alleges that he suffered "almost daily insulin reactions" during his first two months at the jail. Plaintiff feels that the sometimes inadequate care that he received was in retaliation for his "petitioning the government for redress or other motives."

In order to prevail on a claim of inadequate medical care under the Eighth Amendment and 42 U.S.C. § 1983, a Plaintiff must establish deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105-107 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *Estelle*, 429 U.S. at 105-06. Where there is undisputed evidence of sick calls, examinations, diagnoses and treatment, a claim of deliberate indifference can be negated even if the treatment proves ultimately to be unsuccessful. *Bass v. Sullivan*, 550 F.2d 229 (5th Cir. 1989). As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional right, even though the prisoner may disagree with the course of treatment. *Youngberg v. Romeo,* 457 U.S. 307, 322-23 (1982); *Estelle*, 429 U.S. at 107-08.

Although Plaintiff complains that his insulin was often administered in an untimely manner, he states in his amended complaint and answers to interrogatories that he was "seen almost everyday for insulin injection, either a.m. or p.m. or both (as prescribed)." While Plaintiff also states that he was never seen or examined by a "qualified" health care provider, he notes in his amended complaint that he was examined by Dr. Gadnazi on May 15, 2003, and by Dr. "Ben" in February, 2004. Plaintiff also asserts that his diabetes was "relatively well managed" during the "autumn" of 2003, until nurse or physician's assistant Walker allegedly

3

"took it upon herself" to decrease Plaintiff's snack. Plaintiff attributes Ms. Walker's alleged action as a "tool of terror" against him for petitioning the government for redress.

The facts of this case do not support a claim of deliberate indifference to Plaintiff's serious medical needs. Plaintiff was obviously treated for his diabetes, albeit not in a manner allegedly consistent with his free-world treatment. He alleges that Defendants committed medical malpractice against him, however, neither negligence, neglect nor medical malpractice are sufficient to state a claim under 42 U.S.C. §1983. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)(quoting *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)); *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). Although Plaintiff claims to have suffered numerous "insulin reactions," he has submitted no evidence of such or of any harm serious enough to warrant additional medical treatment. There is simply no evidence to suggest that any Defendant acted with deliberate and/or wanton indifference in an effort to harm the Plaintiff.

Moreover, Plaintiff's "insulin reactions" appear to center not around inadequate medical treatment, but allegations that his "diabetic snacks" were insufficient, even though he was told by Lt. Owens that additional snacks would be available if Plaintiff's glucose levels fell. Plaintiff attributes the lack of adequate snacks to a conspiracy between the kitchen staff and Ms. Walker; however, absent specific, operative facts to show that the Defendants agreed to commit an illegal act (upon which his claim is based), allegations of a conspiracy which are merely conclusory will not support an action under Section 1983. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986); *Pfannstiel v. City of Marion*,

4

918 F.2d 1178, 1187 (5th Cir. 1990); *Lynch v. Cannatella*, 810 F.2d 1363 (5th Cir. 1987). Plaintiff's claim of conspiracy is factually baseless and is frivolous.

With respect to claims of retaliation, in order to state a claim of retaliation, a prisoner must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive, the complained of incident would not have occurred. Mere conclusory allegations of retaliation will not withstand a summary judgment challenge. The inmate must produce direct evidence of motivation or, the more probable scenario, "allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161 (5th Cir. 1995). "If the inmate is unable to point to a specific constitutional right that has been violated, the claim will fail." *Jones v. Greninger,* 188 F.3d 322, 325 (5th Cir. 1999). Causation requires a showing by the inmate that but for the retaliatory motive, the complained of incident would not have occurred. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). This is a significant burden for the prisoner to meet. *Woods,* 60 F.3d at 1166.

Plaintiff claims that his diabetic snacks were not served in a consistent manner and were inadequate, in retaliation for his filing the instant complaint and grievances. Inmates have a constitutional right to file grievances related to problems with their confinement. In this case, Plaintiff admits that he was seen daily for insulin injections and was told that his snacks were given in accord with his daily glucose levels. This Court cannot infer, therefore, that absent the retaliatory motive, he would not have received proper medical treatment for his diabetes. This claim appears to be based on nothing more than Plaintiff's

5

own opinion, is conclusory, and fails to create liability on the part of any Defendant.

For the foregoing reasons, this Court is of the opinion that Plaintiff's claims have no arguable bases in law and fact as cognizable Section 1983 claims. It is, therefore, the **RECOMMENDATION** of this Court that this action be DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **May 3, 2005,** in which to have written objections physically on file in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the 25th day of April, 2005.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE